**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Valentine B. Linda<br>        Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for FV-I, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC<br>        Movant<br>vs. | NO. 17-14700 ELF |
| Valentine B. Linda<br>        Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esq.<br>        Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,464.40** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2017 to March 2018 at $808.05/month |
| **Total Post-Petition Arrears** | **$6,464.40** |

2. The Debtor shall cure said arrearages in the following manner:

    a). A one-time payment in the amount of $6,464.40 will be made by March 31, 2018.

3. Beginning with the payment due April 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $808.05 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), to the following address:

    **Specialized Loan Servicing LLC**
    P.O. Box 636007
    Littleton, Colorado 80163

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 8, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant
KML Law Group, P.C.

Date: _____

/s/ Robert J. Birch
Robert J. Birch
Attorney for Debtor

Date: 3/12/2018

William C. Miller
Chapter 13 Trustee

**NO OBJECTION**
*without prejudice to any trustee rights or remedies

**ORDER**

Approved by the Court this 14th day of March, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank